GERMANA PAGÁN, ETC., Plaintiff and Appellant, v. HEIRS OF JUAN ASENCIO PADILLA, Defendants and Appellees.

No. 5387. Argued July 21, 1930.—Decided July 24, 1930.

*P. Fajardo* for appellant. *Miguel A. García Méndez* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In an action prosecuted before the District Court of Mayagüez by Germana Pagán against the heirs of Juan Asencio Padilla, a judgment was rendered for the defendants as regards two of the causes of action alleged. The plaintiff appealed and moved the court to order the stenographer to

prepare the transcript of the evidence in accordance with the applicable law. After said transcript had been filed, the appellee moved to strike out several portions thereof. It appears from the motion that there had been included in the transcript certain documents which had been offered in evidence but excluded by the court. We are in the dark as to what happened in connection with the refusal to admit such evidence, because while the appellant maintains that she entered the proper exception to the exclusion ruling, the appellee contends that no such exception was taken by the plaintiff. We are without means for settling this controversy, as we have before us only the conflicting statements of the parties; for, although there is a certificate from the clerk of the District Court of Mayagüez, the same refers to the contents of the transcript, which was disapproved by that court, and the appellee states that the stenographer committed serious mistakes in preparing the said transcript and that the court, which had an accurate recollection of the facts, did not accept the correctness of the transcript.

It appears that the stenographer, instead of transcribing certain testimony, included an abstract or summary thereof, prepared according to his own notions.

The district court sustained the objections of the appellee and granted the stenographer thirty days to file an amended transcript.

The appellant now applies to this court by a motion, in which he invokes sections 36, 218, and 219 of the Code of Civil Procedure and Rule 64 of this court and prays that we declare that the amendments decreed by the district court are improper, and that we order the preparation by the stenographer of the district court of a supplemental transcript, which should include the matters stricken out by the lower court on motion, such transcript to be approved by that court and attached to the record of the case.

Sections 218 and 219 of the Code of Civil Procedure read as follows:

"Sec. 218. If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the Supreme Court to prove the same. The application may be made in the mode and manner, and under such regulations, as that court may prescribe; and the bill, when proven, must be certified by a justice as correct, and filed with the secretary of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause.

"Sec. 219. When the decision excepted to was made by any judicial officer other than a judge, the bill of exceptions shall be presented to such judicial officer, and be settled and signed by him in the same manner as it is required to be presented to, settled, and signed by a court or judge. A judge or judicial officer may settle and sign a bill of exceptions after as well as before he ceases to be such judge or judicial officer. If such judge or judicial officer, before the bill of exceptions is settled, dies, is removed from office, becomes disqualified is absent from said Island, or refuses to settle the bill of exceptions, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the Supreme Court may by its orders or rules direct. Judges, judicial officers, and the Supreme Court shall respectively possess the same power, in settling and certifying statements, as is by this section conferred upon them in settling and certifying bills of exceptions."

We fail to see how these sections can have any application in the instant case. No refusal to allow an exception is involved here, which is the question covered by said sections.

As regards Rule 64 of this court, it applies where a judge, tribunal, or judicial officer neglects or refuses to settle or allow a bill of exceptions or a statement of the case prepared and submitted in accordance with the facts; and it provides the procedure to be followed in applying to this court for the approval of such bill or statement. We might say that the rule specifically refers to a bill of exceptions or a statement of the case and does not mention a transcript of the evidence, in connection with which it appears that the trial judge must still have greater authority and better knowledge for approving or disapproving it. But without pressing this

point, there is no doubt that there must be involved a bill of exceptions or a statement of the case prepared and submitted in accordance with the facts, which implies that it must be shown to this court that such bill or statement conforms to the facts of the case; and this certainly has not been done in the motion herein. Of course, as applicable to the present and any other similar case, we must confirm the well-known rule that evidence offered and excluded can and should be incorporated into the statement of the case, bill of exceptions, or transcript of the evidence, as the case may be, provided timely exception has been taken to the ruling excluding such evidence by the party objecting. Failure to take such exception means that the party acquiesces in the ruling. But if the exception is taken, it is a procedural rule that the document or documents involved be transcribed in order that an assignment of error can be based on the ruling of the court.

It is quite undeniable that under the method of the transcript of the evidence, it is not permissible for the stenographer or the attorneys or even for the court, to make an abstract or summary of any testimony taken at the trial. Such testimony must appear literally copied into the transcript, precisely in the form it was given. On this point, a denial of the motion lies.

As to the other particulars, the vagueness of the motion, the absence of any legal precept justifying it and the existence of other remedies, different from this motion and available for accomplishing the same purpose now sought, lead us to deny the relief applied for herein.